**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| **MICHIGAN PROMISSORY NOTES RECOVERY LTD.** *a Michigan corporation,*<br><br>　　　*Plaintiff,*<br><br>　　　　　*- vs.-*<br><br>**FEDERAL GOVERNMENT OF NIGERIA,**<br><br>　　　*Defendant.* | CIVIL ACTION NO.<br>2:25-cv-13492-JJCG-CI |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION TO SET ASIDE DEFAULT JUDGMENT**

Ronald D. Coleman
COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com
*Attorneys for Plaintiff*

**CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... iii

INTRODUCTION ................................................................................................... 1

STATEMENT OF FACTS ....................................................................................... 1

LEGAL STANDARD ............................................................................................... 2

ARGUMENT ............................................................................................................ 4

    I.     FGN's Request for Months of Delay, Followed by Silence, Forecloses a Finding of Excusable Neglect. ....................................................................................... 5

    II.    FGN Identifies No Newly Discovered Evidence (Rule 60(b)(2)). ......................... 7

    III.   There Is No Showing of Fraud, Misrepresentation, or Misconduct by Plaintiff (Rule 60(b)(3)). .................................................................................................. 8

    IV.   The Judgment Is Not Void (Rule 60(b)(4)). ........................................................ 8

    V.    The Judgment Has Not Been Satisfied, Released, or Discharged (Rule 60(b)(5)). 8

    VI.   No Extraordinary Circumstances Justify Relief (Rule 60(b)(6)). ........................ 8

CONCLUSION ......................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006)............................................................. 3

*In Presidential Financial v. Raynard (In re Raynard )*, 171 B.R. 699 (Bankr. N.D. Ga.1994)................................................................................................................... 6

*In re Bradbury*, 310 B.R. 313 (Bankr. N.D. Ohio 2003) ..................................................... 7

*In re Zajac*, No. 24-49552, 2025 WL 1510059 (Bankr. E.D. Mich. May 27, 2025).......... 6

*INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391 (6th Cir. 1987).............. 6

*Machhal v. Machhal*, No. 1:21-CV-888, 2022 WL 22996673 (W.D. Mich. Nov. 21, 2022) .................................................................................................................... 6

*Mitchell v. Eaves*, 24 F.R.D. 434 (1959) ............................................................................ 7

*Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190 (6th Cir. 1986).. 4

*United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839 (6th Cir. 1983)........................ 3

*Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992)................. 3

**Rules**

Fed. R. Civ. P. 60(b) ...................................................................................................*passim*

Rule 12 .................................................................................................................................. 6

**INTRODUCTION**

The Court entered default and then default judgment against the Federal Government of Nigeria ("FGN") after FGN failed to respond to the Complaint despite proper service. FGN now seeks Rule 60(b) relief, but the record shows that FGN had actual, timely notice and simply chose not to act for more than two months. In early January 2026, FGN's counsel even requested a multi-month extension to respond; Plaintiff declined, and FGN still allowed the deadline to pass without filing an answer or motion. FGN identifies no excusable neglect, newly discovered evidence, fraud, voidness, satisfaction, or extraordinary circumstance. The motion should be denied.

**STATEMENT OF FACTS**

***Promissory Notes.*** This action arises from three promissory notes issued by FGN to Dr. Ted Iseghohi Edwards, each unconditionally promising payment and governed by the laws of the Federal Republic of Nigeria: (1) Ref. FGN/PN/DLC.A/FX/2021/05D, $15,900,000 (issued Sept. 27, 2021; matures Oct. 15, 2025); (2) Ref. FGN/PN/DLC.A /FX/2021/05C, $15,900,000 (issued Sept. 27, 2021; matures Oct. 15, 2024); and (3) Ref. FGN/PN/DLC.A/FX/2021/05, $15,900,000 (issued Sept. 27, 2021; matured Oct. 15, 2023). All are unpaid, and were assigned to Plaintiff.

***Filing and Service.*** Plaintiff filed the Complaint on November 3, 2025. On November 7, 2025, a senior attorney with Ikechukwu Ezechukwu SAN & Co. personally served the Office of the Attorney General of the Federation at the Federal Ministry of Justice in Abuja, which stamped and acknowledged receipt in the HAGF Registry. (Ex. B to Certification of Counsel filed herewith (hereinafter referred to by Exhibit designation only), Proof of Service; Ex. A, Complaint cover page stamped).

***Defendant's Multi-Month Extension Request; Plaintiff's Reasonable Counter.*** On January 5, 2026, counsel for FGN (Foley Hoag LLP) requested a briefing schedule that would

delay FGN's response until March 6, 2026, with opposition due April 10, 2026 and reply due April 30, 2026. On January 7, 2026, Plaintiff refused the proposal as amounting to an unjustified five-month delay given FGN's existing familiarity with similar litigation and the fact that FGN had already been served more than two months earlier. Plaintiff proposed instead that FGN file by January 15, 2026 (with Plaintiff's opposition by January 29 and reply by February 5). (Exs. F–G, Email Correspondence).

*Other Communications from FGN.* On January 20, 2026, the Debt Management Office (DMO) of the FGN corresponded with counsel for plaintiff, acknowledging receipt of plaintiff's correspondence dated December 9, 2025 and advising that "your request has been forwarded to the Hon. Attorney General of the Federation and Minister of Justice (HAGF) who is handling all litigations on this subject for the Federal Government of Nigeria," and advising that future communications be directed to HAGF.  See Exhibit H.

*Inaction and Default.* Despite acknowledged service and Plaintiff's refusal of a multi-month extension, as the deadline approached FGN filed no appearance, answer, or motion; sought no court-ordered extension; and made no inquiry. Only after the  January 13, 2026, the Clerk entered default and the Court entered default judgment in the amount of $47,000,000. FGN then moved to set aside the entry of default and the default judgment.

## LEGAL STANDARD

Fed. R. Civ. P. 60(b) permits relief from a final judgment on limited grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Motions must be made within a reasonable

2

time, and for reasons (1)–(3), no more than one year after entry of judgment. As explained by the

Sixth Circuit:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b). . . .
>
> . . .
>
> Though the decision lies within the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.

*United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (internal

quotations and citations omitted). "[W]hen an entry of default has ripened into a default

judgment," the part seeking to set the judgment aside must meet "the stricter requirements of

Rule 60(b). . . . Public policy favoring the finality of judgments is reflected in the more specific

requirements of Rule 60(b) that apply once an actual default judgment has been entered . . ."

*Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006).

Finally, in *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992),

the Sixth Circuit explained that a determination of whether to set aside a default judgment under

Civil Rule 60(b)(1) requires a three-step analysis. First, the moving party must "demonstrate that

his default was the product of mistake, inadvertence, surprise, or excusable neglect." **Only** after

this threshold requirement has been satisfied may the Court consider the remaining two steps of

the analysis; namely "whether the [moving party] has a meritorious defense," and "whether the

[non-moving party] will be prejudiced" by relief from judgment. *Id* at 292.

**ARGUMENT**

Relief from default judgments under Federal Rule of Civil Procedure 60(b)(1) for "excusable neglect" requires the movant to demonstrate good cause, prompt action to correct the default, and the existence of a meritorious defense. Courts balance finality with resolving disputes on the merits but impose a heavy burden on parties seeking relief, requiring more than mere attorney carelessness or failure to monitor deadlines. Neglect arising from failure, such as FGN's here, to request a court extension after a plaintiff's refusal to extend time—especially where the defendant sits idle without seeking relief from the court—has been consistently deemed not excusable. "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Federal's Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir.1977).

Where the conduct of a defendant in failing to meet an acknowledged deadline displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings," that is not excusable neglect. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Plaintiff cannot speak to FGN's intent here, but nothing better than but a reckless disregard for the effect of its actions can be inferred from its purposeful failure to file an answer despite awareness of deadlines. Once its multi-month extension request was refused, FGN made no attempt to seek timely judicial intervention, deciding it was entitled to simply take for itself the extension it was refused. When it comes to litigation deadlines, "it is not 'easier to ask for forgiveness than it is to get permission.'" *Sanchez v. Aircraft Finishing Corp.*, No. 21CV02309PKCJMW, 2022 WL 4121391, at *1 (E.D.N.Y. Sept. 9, 2022).

To the contrary, courts consistently emphasize that parties must take proactive steps such as filing motions for extensions or setting aside defaults promptly after defaults are entered, and

4

tactical or inattentive omissions by counsel are insufficient for relief. Excusable neglect is more commonly granted when caused by circumstances beyond a party's control, such as attorney confusion over calendaring or unexpected emergencies, but not for mere inaction after negotiation breakdowns or unilateral decisions not to respond to shortened deadlines.

Particularly in the Sixth Circuit, courts have held that where attorneys agree upon extensions but misunderstandings or ambiguity occur regarding revocation of those extensions, excusable neglect may justify vacating default judgments. Conversely, protracted failures to act or attempts to rely on informal negotiations without court approval are generally rejected. Courts also require movants to monitor their cases actively and demonstrate prompt remedial action once default is discovered, including filing motions to set aside default within a reasonable time. Issues like neglect due to attorney error in e-filing or calendaring have sometimes been excused where accompanied by good faith and minimal delay, but repeated or willful neglect weighs against relief.

Here the facts of record demonstrate that FGN had repeated, actual notice before default: Plaintiff's October 16, 2025 demand enclosed the Notes (Ex. C); the DMO addressed the demand on November 6, 2025 (Ex. D); and, on January 20, 2026, the DMO acknowledged referral to the HAGF (Ex. H). In between, FGN's U.S. counsel sought a months-long delay on January 5, 2026, which Plaintiff declined in favor of an expedited schedule on January 7, 2026 (Exs. F–G). Against this record, failing to file any response or seek a court-ordered extension is willful inaction—not excusable neglect.

## I. FGN's Request for Months of Delay, Followed by Silence, Forecloses a Finding of Excusable Neglect.

FGN had actual notice of the pendency of this lawsuit no later than November 7, 2025, when the Ministry of Justice acknowledged personal service with an official stamp and signature.

Yet FGN simply omitted to answer or otherwise respond for more than two months, culminating in the January 13, 2026 default and default judgment. The January 5–7, 2026 email exchange confirms that FGN sought a months-long delay; whe Plaintiff declined on January 7 but offered a short schedule with a January 15 filing date), FGN still did not file an answer, a Rule 12 motion, or a narrowly tailored motion for a brief extension supported by good cause. This pattern reflects strategic inaction—not excusable neglect or surprise. Thus, in *In Presidential Financial v. Raynard (In re Raynard )*, 171 B.R. 699 (Bankr. N.D. Ga.1994), the bankruptcy court held that when a defendant chooses not to file an answer based on the advice of counsel, this is not excusable neglect; such a failure to answer on time is intentional and conscious. *Id*. at 702. Similarly, in *Machhal v. Machhal*, the Western District of Michigan emphasized that " excusable neglect does not exist where a party or attorney chooses not to act." *Machhal v. Machhal*, No. 1:21-CV-888, 2022 WL 22996673, at *1 (W.D. Mich. Nov. 21, 2022). "'[U]unfortunate events' and 'miscommunications' between Defendants and their counsel do not justify the complete inaction which led to the Judgment. Despite having clear knowledge of [the proceedings,] . . . Defendants made no effort whatsoever to answer the Complaint or otherwise advance the litigation." *In re Zajac*, No. 24-49552, 2025 WL 1510059, at *5 (Bankr. E.D. Mich. May 27, 2025).

The fact that a defendant requests an extension from the plaintiff and is refused, as is the case here, does not excuse the failure to seek relief from the court. Indeed, the facts in *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391 (6th Cir. 1987) stand in stark contrast to those here:  "This is not a case in which intransigence of the parties has made a default judgment appropriate. Instead, the procedural difficulties which led to the default judgment resulted from a misunderstanding between the attorneys involved." *Id*. at 400. Here, however, there was no

agreement granting an extension and no ambiguity about Plaintiff's position. FGN, represented by highly able and experienced counsel, simply let the deadline pass without seeking court intervention.

Hope of settlement or ongoing negotiations do not justify failure to obtain a court-ordered extension. *Mitchell v. Eaves*, 24 F.R.D. 434, 434 (1959)) (party seeking to set aside default failed to provide "any satisfactory explanation of the delay"; "hope of settlement did not justify failure to obtain an extension of time to answer"). Similarly, the Bankruptcy Court for the Northern District of Ohio distinguished *INVST Financial Group* by noting *INVST* involved "a misunderstanding between the attorneys involved" with an existing agreement, whereas other cases involve parties who fail to remain "attentive to their duties." *In re Bradbury*, 310 B.R. 313, 319 (Bankr. N.D. Ohio 2003). "[T]he Court simply finds it illogical to try to fit the square peg of an entity such as the Defendant who clearly slept on [its] rights, into the round hole of the concept of 'excusable neglect.'" The same can and should be said here.

## II. FGN Identifies No Newly Discovered Evidence (Rule 60(b)(2)).

FGN points to nothing that was unavailable with reasonable diligence before judgment. The operative facts—the Notes, Plaintiff's October 16 demand (with enclosures), DMO's November 6 letter, and the December 9 submission enclosing the November 23, 2025 vacatur— were all on notice to FGN. All facts relating to the promissory notes and any defenses were available before judgment. FGN points to no evidence that, with reasonable diligence, could not have been discovered earlier. Relief under Rule 60(b)(2) is therefore unavailable. The exhibits reflect good-faith efforts to obtain payment (demand with enclosures; clarification of secondary-market acquisition; provision of the Nigerian court's vacatur). Nothing in the correspondence suggests any misrepresentation by Plaintiff.

7

**III.     There Is No Showing of Fraud, Misrepresentation, or Misconduct by Plaintiff (Rule 60(b)(3)).**

Plaintiff proceeded in good faith on valid and enforceable obligations, and there is no allegation—let alone proof—of fraud or misconduct by Plaintiff. Rule 60(b)(3) provides no basis for relief.  FGN identifies no jurisdictional defect and did not timely invoke any immunity or other threshold defense before default; entry of judgment complied with Rule 55 and Rule 60(b).

**IV.     The Judgment Is Not Void (Rule 60(b)(4)).**

This Court has jurisdiction over both the parties and the subject matter, and the judgment was entered in accordance with the Federal Rules of Civil Procedure. The judgment is not void. The three matured Notes remain unpaid; FGN neither tenders payment nor shows satisfaction or release.

**V.     The Judgment Has Not Been Satisfied, Released, or Discharged (Rule 60(b)(5)).**

FGN has not paid the amounts due under the promissory notes, and no basis exists to deem the judgment satisfied, released, or discharged.  Rule 60(b)(6) does not rescue a litigant from the foreseeable consequences of ignoring a case after service and after counsel-level engagement. The circumstances here are ordinary products of strategic choice, not extraordinary hardship.

**VI.     No Extraordinary Circumstances Justify Relief (Rule 60(b)(6)).**

Rule 60(b)(6) is reserved for extraordinary circumstances not covered by the other provisions. FGN's strategic choice to ignore this litigation after acknowledged service does not qualify.

8

**CONCLUSION**

FGN had actual notice, sought months of delay, and then chose inaction because it did not plaintiff to grant it as long of an extension of time to answer or respond as it wanted. It has not met any of the Rule 60(b) grounds. The motion to set aside the default judgment should be denied.  For these reasons, Plaintiff respectfully requests that the Court (1) deny Defendant's Motion to Set Aside Default Judgment; (2) award Plaintiff its reasonable attorneys' fees and costs incurred in opposing the motion; and (3) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

COLEMAN LAW FIRM, PC

By: _____
        Ronald D. Coleman

50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com
*Attorneys for Plaintiff*

February 3, 2026

9

**CERTIFICATION OF SERVICE**

I hereby certify that on February 3, 2026, I caused the foregoing Plaintiff's Opposition to Defendant's Motion to Set Aside Default Judgment and Certification of Counsel to be filed with the Clerk of the Court using the Court's CM/ECF electronic filing system.

Pursuant to Local Rule and the Federal Rules of Civil Procedure, service of this filing will be effectuated by the CM/ECF system upon all counsel of record who are registered ECF users.


Dated: February 3, 2026                          _____
Newark, New Jersey                                       RONALD D. COLEMAN